■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD McCALLA and ORRETTA McCALLA, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County (Miller, J.), dated August 4, 1986, which granted those branches of the defendants' respective omnibus motions which were to suppress identification testimony.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

According to the testimony adduced at the *Wade* hearing, the complainant approached two police officers on motor patrol and told them he had just been robbed by three black men who had stolen his car. The complainant pointed out the car as being approximately 1½ to 2 blocks ahead, and gave the officers a description of the men, which the officers then transmitted over the radio. The complainant got into the patrol car with the officers and they followed the car as it traveled eastbound on Gates Avenue, then southbound on Ralph Avenue. They temporarily lost sight of the car when it first turned onto Ralph Avenue, but when they turned onto Ralph Avenue themselves, they saw the car parked in front of a school. There was no one in the car, but the officers received a radio transmission that possible suspects were in the schoolyard.

The officers accompanied the complainant into the schoolyard and asked him if he recognized anyone among the 10 to 15 people standing there, and he identified three men. The officers then had the 10 to 15 people in the schoolyard line up along a fence and the complainant identified the same three men again.

The hearing testimony indicates that two separate identification procedures took place in the schoolyard. The first might be said to be in the nature of a showup, while the second might be characterized as an informal lineup procedure. However, in reaching its decision suppressing the identification testimony, the hearing court failed to differentiate between the two procedures. It would appear that the hearing court centered its thinking on the lineup procedure, but the court's decision, which lacks specific findings as to the two identification procedures, is insufficient to enable this court to determine the precise nature and basis of the hearing court's holding. Thus, we remit this case to the Supreme Court, Kings County, in order for the hearing court to make findings of fact and conclusions of law as to each of the identification procedures.

Additionally, upon remittitur, the People, if they be so advised, should be permitted to reopen the hearing for the purpose of affording them the opportunity previously denied them of producing the complainant in order to establish whether he had any independent basis for the identification of the defendants. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.